THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXWELL KINSLEY, | CASE NO. C19-2001-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| MIKE DOE, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On December 10, 2019, the Honorable Mary Alice Theiler, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 3.)

The Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. Federal question jurisdiction exists where a plaintiff's claim "aris[es] under the Constitution, law, or

treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that an employee of Defendant's store spit in Plaintiff's face, called him a racial slur, destroyed his bike and phone, and otherwise physically assaulted him. (*See* Dkt. No. 4 at 3.) Plaintiff's complaint states that both he and Defendant are residents of Bellevue, Washington. (*See* Dkt. No. 4 at 1–2.) And while Plaintiff asserts a variety of property injuries and mental distress resulting from the incident, and requests that Defendant "do jail time" and that Plaintiff "be financially taking [sic] care of [sic] my life," he does not plausibly plead that his claimed damages are greater than $75,000. (*See id*. at 6–7.) Therefore, Plaintiff has not pled facts establishing the Court's diversity jurisdiction over this action. *See* 28 U.S.C. § 1332.

In his complaint, Plaintiff appears to assert that he is suing pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Dkt. No. 4 at 4–5.) In support of his assertion, Plaintiff states that his "right not to be attacked by store workers and spit upon and called" a racial slur has been violated. (*See id*. at 5.) *Bivens* creates a cause of action for injuries incurred due to federal officials' violation of certain constitutional rights. *See* 403 U.S. at 395–96. Plaintiff has not asserted that any of the parties involved in the underlying alleged incident are federal officials. (*See generally* Dkt. No. 4.) Therefore, he has not asserted a cause of action arising under *Bivens*. Plaintiff does not identify any other theory of federal question jurisdiction. (*See generally id*.) Consequently, Plaintiff has not pled facts establishing the Court's federal question jurisdiction over this action. *See* 28 U.S.C. § 1331.

Although the Court finds that the complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to establish the Court's subject matter jurisdiction over the action, the Court will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

1 Accordingly, the Court ORDERS Plaintiff to file an amended complaint no later than 21 days
2 from the date this order is issued. In his amended complaint, Plaintiff must provide the Court
3 with a short and plain statement establishing the Court's subject matter jurisdiction over this
4 action. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 12th day of December 2019.

<u>William M. McCool</u>
Clerk of Court

<u>s/Tomas Hernandez</u>
Deputy Clerk